JOSE L. GENDE vs. BORDEN, INC.

Worcester. January 11, 1982. — May 10, 1982.

Present: GRANT, BROWN, & KASS, JJ.

*Damages*, Wrongful discharge of employee. *Arbitration*, Award.

Where an arbitrator ordered that an employee who had been wrong-
fully discharged should be paid his lost wages with a deduction for the
amount the employee had received as unemployment compensation
and that the employer should reimburse the Division of Employment
Security for this amount, the employee was not entitled to receive the
amount deducted when the Division of Employment Security refused
to accept reimbursement from the employer. [512-513]

CIVIL ACTION commenced in the Superior Court Depart-
ment on August 7, 1978.

The case was heard by *Meagher*, J.

*William F. Joy, Jr.*, for the defendant.

*Stephen R. Domesick* for the plaintiff.

BROWN, J. By this action the plaintiff sought to recover
the balance of the lost wages due him pursuant to an award
of an arbitrator, who found that the defendant had wrong-
fully discharged the plaintiff in violation of a collective
bargaining agreement. The case was tried in the Superior
Court on a statement of agreed facts.

In an initial award, issued on June 11, 1975, the arbitra-
tor ordered that the plaintiff be reinstated and "made whole
for all lost wages and benefits, less any amount he has
earned from other employment." After that award the
plaintiff challenged a $4,469 deduction made by the de-
fendant, representing the unemployment compensation re-
ceived by the plaintiff from the Division of Employment
Security (DES) "during the period he was away from the
Company." In response, the arbitrator filed a second deci-

sion on July 15, 1976, entitled "Clarification of Back Pay Award — Jose Gende Discharge," wherein he stated that "[t]he intention of the arbitrator in issuing the directive that Gende should be made whole for all lost wages and benefits, however inadequately that intention may have been expressed, was to restore Gende, in financial terms, to the condition he would have been in had he not been improperly discharged." In this supplemental and final award the arbitrator went on to restate the formula for back pay distribution and suggested that the defendant should directly reimburse DES for the unemployment benefits Gende had received out of the full amount owed him as lost wages.

The defendant correctly determined that the plaintiff was owed a total of $16,294.57, of which $4,469.00, represented unemployment compensation benefits paid by DES "for the periods of time encompassed by his first and second claims for benefits under . . . G. L. c. 151A." The defendant forwarded that amount to DES. DES returned the money to the defendant, explaining in a letter, dated August 31, 1976, that because of its own administrative limitation on tolling periods for redetermination of a claimant's eligibility under G. L. c. 151A, § 71, and because some portion of the unemployment benefits was charged to the account of a subsequent employer, defendant "was neither liable for, nor received, any charges on this claim." The DES letter, an exquisite triumph of bureaucratic process over legislative objectives, went on to state that the defendant does not owe the money to DES.[1]

---

[1] The letter stated in relevant part:

"*Only* . . . [DES] can determine whether or not a claimant has been overpaid unemployment insurance benefits, and reimbursement for any such established overpayment is a matter between this *Division* and the *claimant*.

"  . . . .

". . . *The claimant* . . . *is legally entitled to retain all unemployment benefits paid to him to date.* No reduction in the amount of a retroactive pay award should be made to cover unemployment benefits paid to the claimant." (Emphasis in the original.)

The defendant refused to pay the $4,469 to the plaintiff, and the present action ensued.

The defendant claimed that the court lacked jurisdiction over the subject matter of the action because Federal labor policy prohibits courts from reviewing the merits of an arbitration award and that the plaintiff lacked standing to bring this action because only DES has standing to recover unemployment benefits. The defendant also argued that the plaintiff stated no claim upon which relief could be granted because (1) the arbitrator's decision upholding the defendant's deduction of the $4,469 was final and binding, (2) Gende was made whole pursuant to the award, (3) no timely action to vacate or modify the award was initiated by the plaintiff, and (4) no ground existed for the imposition of a constructive trust or for granting relief on a claim for money had and received.

The Superior Court judge ruled that "the defendant is not entitled to the $4,469" and found "for the plaintiff in the sum of $4,469.00." The court made no other findings or rulings. We conclude that the judge erred as matter of law.

1. The resolution of the instant controversy turns on what effect this court is to give the arbitrator's award in the particular circumstances presented here. The defendant argues that the Superior Court lacks subject matter jurisdiction over this case because the arbitrator's award was final, binding and not subject to review, absent a showing of fraud or a failure to act within the scope of the reference. We agree. Our review of the entire record convinces us that we should follow the usual rule that an arbitrator's decision as to matters submitted to him by the parties, absent fraud, is final and binding. See *Trustees of Boston & Me. Corp.* v. *Massachusetts Bay Transp. Authy.*, 363 Mass. 386, 390-391 (1973). See G. L. c. 150C, § 11(a)(5). Here, the arbitrator decided that the defendant had properly deducted the $4,469 from the plaintiff's back pay award. That decision was within the scope of the arbitrator's reference. See *Morceau* v. *Gould-Natl. Batteries, Inc.*, 344 Mass. 120, 124 (1962). We are not free to review the merits of that deci-

sion. *Trustees of Boston & Me. Corp.* v. *Massachusetts Bay Transp. Authy.*, *supra* at 391. See *Bettencourt* v. *Boston Edison Co.*, 560 F.2d 1045, 1048 (1st Cir. 1977). The arbitrator's decision made the plaintiff "whole" for his lost wages and placed him in the position he would have been in if the collective bargaining agreement had not been breached. As a matter of contract law, this is all the plaintiff was entitled to. See 5 Corbin, Contracts § 992 (1964); 11 Williston, Contracts § 1338 (3d ed. 1968).

2. Deciding as we do, we do not have to discuss the other bases asserted by the defendant in support of its claim.

The judgment is reversed, and the case is remanded to the Superior Court for the entry of a new judgment dismissing the action.

*So ordered.*